UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYLER PIERCE, | ) |
|       Plaintiff, | ) |
| v. | ) No. 4:22-CV-00728 JAR |
| VROOM, INC., | ) |
|       Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. No. 8). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted.

**Background**

Plaintiff filed this action against Defendant Vroom, Inc., in the Associate Circuit Court of St. Louis City, Missouri, alleging violations of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 400.010, et seq. (Count I); Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310, et seq. (Count II); and Mo. Rev. Stat. 484.010, et seq. – Unauthorized Practice of Law (Count III), arising from his purchase of a 2019 Ford Fiesta for the total sale price of $36,210.96. (Doc. No. 3). Plaintiff's claims concern Defendant's failure to timely provide title to his vehicle and obtain the necessary licensure to be a "motor vehicle dealer" in Missouri. Defendant removed the case to this Court on July 8, 2022 based on diversity jurisdiction and federal question jurisdiction (Doc. No. 1) and then moved to stay the case and compel Plaintiff to submit his claims to arbitration (Doc. No. 6)[1].

---

[1] The Court has stayed briefing on Defendant's motion pending its ruling on Plaintiff's motion to remand. (Doc. No. 11).

1

On July 25, 2022, Plaintiff moved to remand the case to state court, arguing that the amount in controversy does not exceed $75,000.[2] With his motion to remand, Plaintiff and his counsel have submitted affidavits stipulating that they do not seek and will not accept more than $75,000 in damages from Defendant "in connection with [Plaintiff's] individual causes of action, inclusive of attorney's fees incurred in connection with this case but exclusive of interests and costs." (Doc. Nos. 9-1, -2).

Defendant opposes remand, arguing that although Plaintiff and his counsel stipulate that they will not seek or accept more than $75,000 in damages from Defendant in connection with any *individual* cause of action, his claims should be considered in the aggregate for purposes of diversity jurisdiction, citing Snyder v. Harris, 394 U.S. 332, 335 (1969) and Turntine v. Peterson, 959 F.3d 873, 880 (8th Cir. 2020). Therefore, the affidavits submitted by Plaintiff and his counsel are insufficient to rule this case out of federal court based on the amount in controversy.

Plaintiff replies that the term "individual" as used in his supporting affidavits refers to the fact that he is bringing these claims on his own behalf, and not on behalf of a hypothetical class of individuals. In further reply, Plaintiff argues that because the damages for his MMPA and MMWA claims are the same, the claims cannot be aggregated, as Defendant suggests. And in any event, he has stipulated that he will not seek or accept more than $75,000 in damages, inclusive of attorney's fees. As for his unauthorized practice of law claim, Plaintiff argues that the most Defendant could be liable for under Mo. Rev. Stat. § 484.020 is $450, i.e., treble damages for his claim relating to a $150 "dealer documentary fee," which does not alter the amount in controversy.

---

[2] Plaintiff does not contest that the parties are diverse.

**Legal standard**

Federal courts are courts of limited jurisdiction. Ark. Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009). Pursuant to 28 U.S.C. § 1332(a), district courts have original jurisdiction to hear a case if the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Compensatory damages, the value of injunctive relief, punitive damages, and attorneys' fees are all considered in determining whether the amount in controversy requirement has been satisfied. See Allison v. Security Benefit Life Ins. Co., 980 F.2d 1213, 1215 (8th Cir. 1992); Capitol Indem. Corp. v. Miles, 978 F.2d 437, 438 (8th Cir. 1992); Burns v. Massachusetts Mut. Life Ins. Co., 820 F.2d 246, 248 (8th Cir. 1987).

Whether the amount in controversy required by § 1332 is satisfied must be determined on the basis of the record at the time of removal. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). When a defendant removes a case based on diversity, it must establish by a preponderance of the evidence that a fact finder could conclude that the controversy involves more than $75,000. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002); Bell v. Hershey Co., 557 F.3d 953, 959 (8th Cir. 2009). Once a defendant has met that burden, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Turntine, 959 F.3d at 881. "To meet this 'legal certainty' standard, the plaintiff must show that the jurisdictional amount could not be recovered as a matter of law or that no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents." Id. at 881 (quoting Kopp, 280 F.3d at 885); see also Liberty Asset Holdings, LLC v. New Residential Inv., Corp., No. 2:20-CV-04208-NKL, 2020 WL 7769093, at *1 (W.D. Mo. Dec. 30, 2020). The Court

3

is required to resolve all doubts about federal jurisdiction in favor of remand. In re Bus. Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993).

**Discussion**

In its notice of removal, Defendant states that while Plaintiff's petition does not expressly state a claim in excess of the $75,000 jurisdictional amount, it alleges damages consisting of, *inter alia*, the purchase price of the vehicle, collateral charges, finance charges, actual damages, and attorney's fees, which, "upon information and belief," exceed that amount. In particular, Defendant implies that the amount of attorney's fees at issue, "whether past or future," push the amount in controversy over the jurisdictional threshold. (Doc. No. 12 at 3).

Defendant is correct that attorney's fees are part of the amount-in-controversy calculation. See Peterson v. The Travelers Indemnity Co., 867 F.3d 992, 995 (8th Cir. 2017). However, it has cited no evidence that the attorney's fees incurred by Plaintiff in this case would exceed the jurisdictional threshold, "and such speculation would be unreasonable in light of the procedural posture of this case and the nature of Plaintiff's allegations." Rosenbloom v. Jet's Am., Inc., 277 F. Supp. 3d 1072, 1075 (E.D. Mo. 2017) (citing cases); see also Crawford v. thyssenkrupp Materials NA, Inc., No. 4:21-CV-390 MTS, 2021 WL 4843957, at *2 (E.D. Mo. Oct. 18, 2021). The Court is aware of the circuit-split as to whether attorney's fees are measured as of the time of removal or for the entirety of the case, Reinbold v. AGCO Corp., No. 4:21-CV-01154, 2021 WL 5279581, at *2 (E.D. Mo. Nov. 12, 2021), but need not decide which test should apply given the lack of evidentiary support for Defendant's allegations in the first instance.

Even if Defendant had met its burden regarding the amount in controversy, Plaintiff has established to a legal certainty that his claims are for less than the requisite amount through his binding stipulation clarifying that his petition does not seek in excess of $75,000. See Lemons v.

Safeco Ins. Co. of Ill., No. 4:20-CV-01771-MTS, 2021 WL 65044, at *1 (E.D. Mo. Jan. 7, 2021) (citing cases).

Defendant further argues that where, as in this case, separate claims are brought by a single plaintiff against a single defendant, the claims can be aggregated when calculating the amount in controversy. However, a court may only aggregate claims to satisfy the jurisdictional amount where each claim has "an independent basis for damages." McMahan v. Hawkeye Hotel, Inc, No. 20-00945-CV-W-GAF, 2021 WL 5548572, at *2 (W.D. Mo. Feb. 8, 2021) (quoting Frump ex rel. Aubuchon v. Claire's Boutiques, Inc., No. 10-1106-CV-W-SWH, 2011 WL 1103055, at *4 (W.D. Mo. Mar. 22, 2011) (holding that false imprisonment, malicious prosecution, and negligent supervision claims could be aggregated to satisfy jurisdictional requirements where each claim relied on different facts and actions taken at different time periods)). In other words, claims that merely assert different theories of recovery for the same damages – like Plaintiff's MMPA and MMWA claims – may not be aggregated.

In further opposition to remand, Defendant argues that removal is appropriate under 28 U.S.C. § 1331 because Plaintiff alleges a violation of federal law, i.e., the MMWA. An MMWA claim cannot be brought in federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in th[e] suit." 15 U.S.C. § 2310(d)(3)(B); see also Thiessen v. Jaguar Land Rover N. Am., LLC, No. 21-CV-5046-WBG, 2021 WL 3173603, at *2 (W.D. Mo. July 26, 2021) (citing cases). Additionally, attorney's fees are excluded from the calculation of the jurisdictional minimum necessary for a federal court's exercise of jurisdiction over an MMWA claim. Mishra v. Coleman Motors, LLC, No. 4:16CV01553 PLC, 2017 WL 994868, at *3 (E.D. Mo. Mar. 15, 2017); Stephens v. Artic Cat Inc., No. 4:09CV02131 AGF, 2011 WL 890686, at *5 (E.D. Mo. Mar. 14,

2011). Given that this case arises out of a vehicle purchase for the total sale price of $36,210.96, the jurisdictional minimum necessary for the Court's exercise of jurisdiction over an MMWA claim has not been met.

**Conclusion**

Defendant has not shown by a preponderance of the evidence that the requisite jurisdictional amount is in controversy. Resolving all doubts about federal jurisdiction in favor of remand, In re Business Men's, 992 F.2d at 183, the Court grants Plaintiff's motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [8] is **GRANTED**, and this case will be **REMANDED** to the Associate Circuit Court of the City of St. Louis, State of Missouri.

A separate Order of Remand accompanies this Memorandum and Order.

Dated this 12th day of October, 2022.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**